10

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JESUS RESENDEZ-PAZ, | § | |
| Defendant-Movant | § | |
| | § | |
| v. | § | CA No. B-02-030 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent | § | |
| ( CR No. B-99-057-02) | § | |

GOVERNMENT'S MOTION FOR RECONSIDERATION
OF COURT-ORDERED DISCOVERY
(OPPOSITION UNKNOWN)

1.

The court ordered the Government to respond to Resendez' 28 U.S.C. §2255

motion by September 16, 2002.  Upon its filing, the government will, of course,

respond thereto.  On July 3, 2002, the U.S. Magistrate Judge ordered the District

Clerk to supply Resendez with discovery, including  transcripts of Resendez' guilty

plea, evidentiary hearing and sentencing record.   The Government moves the court

to reconsider its order for the district clerk to provide such investigatory discovery.

2.

The government denies each and every allegation of fact made by Resendez,

except those supported by the record and those specifically admitted herein, and

demands proof thereof.

3.

Resendez was indicted on February 16, 1999, in the Southern District of
Texas, Brownsville Division, in CR B-99-057, and charged with possession with
intent to distribute 985 kilos of marihuana, in violation of 21 U.S.C. §§841(a)(1) and
841(b)(1)(B)(DOC. 1). He entered a guilty plea to the possession count on April 1,
1999 (DOC. 30).

The probation department scored Resendez at base offense level 30 under
U.S.S.G. §2D1.3(c) (PSR. 11). A three-level downward adjustment for timely
acceptance of responsibility concluded in a total offense level of 27. Resendez'
extensive criminal history, which included two previous drug trafficking offenses,
resulted in Resendez' designation as a career offender under §4B1.1 (PSR. 26). As
a result, he scored at level 34, criminal history category VI, for a Guideline range of
262 to 327 months imprisonment (PSR, ¶¶ 41).

On June 30, 1999, Resendez was sentenced to 262 months imprisonment
(DOC. 42).

Resendez did not directly appeal his conviction or sentence. His judgement
was entered on September 24, 1999 (DOC. 47). His judgement became final ten days
later. "[A] federal conviction becomes final when " 'the availability of appeal has
been exhausted, and the time for filing a petition for certiorari elapsed or a petition
for certiorari [has been] finally denied' " *United States v. Thomas*, 203 F.3d 350, 352
(5th Cir. 2000)(citing *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 712 n. 6, 93

L.Ed.2d 649 [1987]). Resendez' deadline for filing a §2255 petition was therefore October 4, 2000.

On February 4 2002, Resendez filed an 'affidavit in support of motion to proceed in *forma pauperis* and request for transcripts, and a series of record documents at the Government's expense (DOC. 49, 50). On April 4, 2002, the Court gave notice of its intent to dismiss Resendez' cause for lack of prosecution (DOC. 51). On June 7, 2002, the U.S. Magistrate Judge filed a report and recommendation recommending Resendez' §2255 motion be dismissed (DOC. 52). On July 2, 2002, the U.S. Magistrate Judge ordered the report and recommendation be withdrawn, and the case proceed on the merits (DOC. 53). Also on July 2, 2002, the U.S. Magistrate Judge ordered the district clerk to provide Resendez with a transcript of his re-arraignment, evidentiary hearing and sentencing along with various record documents at Government expense (DOC. 54).

4.

## DISCOVERY AT GOVERNMENT EXPENSE

Resendez enjoys no absolute right to discovery at the Government's expense in contemplation of a §2255 action. *United States v. MacCallom*, 426 U.S. 317, 325, 96 S.Ct. 2086, 2091 (1976). Twenty-eight U.S.C. §753(f)[1] empowers the Court to

---

[1] 28 U.S.C.A. §753(f):

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18

order a "free transcript" if the Court finds that the "suit ... is not frivolous and that the transcript is needed to decide the issue presented .... *Id*.

Here, Resendez has not demonstrated that his suit is not frivolous. The only basis of his complaint is contained within his 'affidavit in support of motion to proceed in *forma pauperis*' (DOC. 49). In it, Resendez identifies the issues he intends to proceed upon: "Ineffective Assistance of Counsel, Actual Innocence, and U.S. Sentencing Guidelines". Resendez' short-hand rendition of his basis for relief is insufficient to identify any issues with the degree of specificity to establish that the discovery requested is necessary to the resolution of such issues. *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995) ("Mere conclusory" statements are insufficient to require limited discovery or an evidentiary hearing.). Resendez' request is rather in the form of a 'fishing expedition'. Without identifying the actual issues to be determined or errors occurring at the trial level, Resendez seeks a free record in which to discover possible errors, a maneuver for which he enjoys no right.

---

U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

Resendez' request is further rendered frivolous by the fact that his prospective §2255 motion is almost two years late. His deadline for filing his §2255 motion expired in October 2000.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that the Court reconsider its Order for discovery including transcripts at the Government's expense.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER,
Chief, Appellate Division

MARK M. DOWD
Assistant U.S. Attorney
600 E, Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
956-548-2554

## STATEMENT OF CONSULTATION

Since the Pro Se Litigant is currently incarcerated in a Federal Institution, there is not an available telephone number to contact Petitioner to find out his position as to the filing of this motion. Therefore, opposition to the filing of this motion is unknown.

_____
MARK M. DOWD
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above motion has been served by placing same in the United States mail, postage prepaid, on August 8, 2002, addressed to:

> Jesus Resendez-Paz
> No. 55494-079
> Federal Correctional Institution
> P. O. Box 1010
> Bastrop, TX 78602-1010

_____
MARK M. DOWD
Assistant United States Attorney