/2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent | § | |
| | § | |
| v. | § | CR No. B-99-057-02 |
| | § | |
| JESUS RESENDEZ-PAZ, | § | |
| Defendant-Movant | § | |
| (CA No. B-02-030) | | |

GOVERNMENT'S MOTION FOR RECONSIDERATION
BY DISTRICT COURT OF U.S. MAGISTRATE COURT-
ORDERED TRANSCRIPTS AT GOVERNMENT EXPENSE
UNDER 28 U.S.C. §§636(b)(1)(B) & 753(f)

1.

On July 3, 2002, the U.S. Magistrate Judge ordered the District Clerk to

supply Resendez with discovery, including transcripts of Resendez' guilty plea,

evidentiary hearing and sentencing record. On August 8, 2002, the government

moved the U.S. Magistrate Court to reconsider its order for the district clerk to

provide such investigatory discovery. On August 15, 2002, the U.S. Magistrate

Court affirmed its original order of transcripts at government expense for Resendez.

2.

The government denies each and every allegation of fact made by Resendez,

except those supported by the record and those specifically admitted herein, and

demands proof thereof.

3.

Resendez was indicted on February 16, 1999, in the Southern District of Texas, Brownsville Division, in CR B-99-057, and charged with possession with intent to distribute 985 kilos of marihuana, in violation of 21 U.S.C. §§841(a)(1) & 841(b)(1)(B)(DOC. 1). He entered a guilty plea to the possession count on April 1, 1999 (DOC. 30).

The probation department scored Resendez at base offense level 30 under USSG §2D1.3(c) (PSR. 11).    A three-level downward adjustment for timely acceptance of responsibility concluded in a total offense level of 27.   Resendez' extensive criminal history, which included two previous drug trafficking offenses, resulted in Resendez' designation as a career offender under §4B1.1 (PSR. 26).   As a result, he scored at level 34, criminal history category VI, for a Guideline range of 262 to 327 months imprisonment (PSR, ¶¶ 41).

On June 30, 1999, Resendez was sentenced o 262 months imprisonment (DOC. 42).

Resendez did not directly appeal his conviction or sentence.   His judgement was entered on September 24, 1999 (DOC. 47).   His judgement became final 10 days later.   "[A] federal conviction becomes final when " 'the availability of appeal has been exhausted, and the time for filing a petition for certiorari elapsed or a petition for certiorari [has been] finally denied' " *U.S. v. Thomas*, 203 F.3d 350, at 352 (5th Cir.

2000)(citing *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 712 n. 6, 93 L.Ed.2d 649 (1987). Resendez' deadline for filing a §2255 petition was therefore October 4, 2000.

On February 4, 2002, Resendez filed an 'affidavit in support of motion to proceed in *forma pauperis* and request for transcripts, and a series of record documents at the government's expense (DOC. 49, 50). On April 4, 2002, the Court gave notice of its intent to dismiss Resendez' cause for lack of prosecution (DOC. 51). On June 7, 2002, The U.S. Magistrate Judge filed a report and recommendation recommending Resendez' §2255 motion be dismissed (DOC. 52). On July 2, 2002, the U.S. Magistrate Judge ordered the report and recommendation be withdrawn, and the case proceed on the merits (DOC. 53). Also on July 2, 2002, the U.S. Magistrate Judge ordered the district clerk to provide Resendez with a transcript of his rearraignment, evidentiary hearing and sentencing along with various record documents at government expense (DOC. 54).

4.

## DISCOVERY at GOVERNMENT EXPENSE

Resendez enjoys no absolute right to discovery at the government's expense in contemplation of a §2255 action. *U.S. v. McCallom*, 426 U.S. 317325, 96 S.Ct.

2086, 2091 (1976). Twenty-eight U.S.C. §753(f)[1] empowers the Court to order a "free transcript" if the Court finds that the "suit ... is not frivolous and that the transcript is needed to decide the issue presented .... *ID*.

Here, Resendez has not demonstrated that his suit is not frivolous. The only basis of his complaint is contained within his 'affidavit in support of motion to proceed in *forma pauperis'* (DOC. 49). In it, Resendez identifies the issues he intends to proceed upon: "Ineffective Assistance of Counsel, Actual Innocence, and U.S. Sentencing Guidelines". Resendez' short-hand rendition of his basis for relief is insufficient to identify any issues with the degree of specificity to establish that the discovery requested is necessary to the resolution of such issues. *United States*

---

[1] 28 USCA s 753(f) Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

*v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995) ("Mere conclusory" statements are insufficient to require limited discovery or an evidentiary hearing.). Resendez' request is rather in the form of a 'fishing expedition'. Without identifying the actual factual issues to be determined or errors occurring at the trial level, Resendez seeks a free record in which to discover possible errors, a maneuver for which he enjoys no right.

Resendez' request is further rendered frivolous by the fact that his prospective §2255 motion will be almost two years late. His deadline for filing his §2255 motion expired in October 2000.

Under 28 U.S.C. §636(b)(1)(A), the district "court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law". For the reasons explained above the government posits that the U.S. Magistrates Court's Order for transcripts at government expense is clearly erroneous and contrary to law.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that the Court reconsider said U.S. Magistrate Court's Order and set said Order aside.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER,
Chief, Appellate Division

MARK M. DOWD
Assistant U.S. Attorney
600 E, Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
956-548-2554

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above motion has been served by placing same in the United States mail, postage prepaid, on August 16, 2002, addressed to:

Jesus Resendez-Paz
No. 55494-079
Federal Correctional Institution
PO Box 1010
Bastrop, Tx. 78602-1010

MARK M. DOWD
Assistant United States Attorney

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent | §<br>§<br>§ | |
| v. | §<br>§ | CR No. B-99-057-02 |
| JESUS RESENDEZ-PAZ,<br>Defendant-Movant<br>(CA No. B-02-030) | §<br>§ | |

## ORDER

The district court, having reviewed Resendez' motion for transcripts at government's expense, the U.S. Magistrate Court's Order granting said motion, and the government's instant motion for reconsideration thereof, as well as the files and records contained in this cause, concludes that the U.S. Magistrate Court's Order granting Resendez' motion for transcripts at government should be set aside and Resendez' motion should be and is DENIED.

Resendez has failed to demonstrate that his complaints under §2255 are not frivolous or that the requested materials are necessary to a determination of his vague and conclusory complaints. The untimeliness of Resendez' complaints further renders his cause frivolous.

DONE this _____ day of _____, 2002 at Brownsville, Texas.

_____
UNITED STATES DISTRICT COURT JUDGE