IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 1 4 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-030 |
| JESUS RESENDEZ-PAZ, | § § § | |
| Defendant-Movant. | § | |

### ORDER

BE IT REMEMBERED that on November 14, 2002, the Court considered Respondent's "Motion for Reconsideration by District Court of U.S. Magistrate Court-Ordered Transcripts at Government Expense Under 28 U.S.C. §§ 636(b)(1)(A) and 753(f) [Dkt. No. 12]." The Court **GRANTS** Respondent's motion and hereby **DENIES** Petitioner's request for transcripts and other discovery documents at government expense.

Petitioner was indicted on February 16, 1999, in the Southern District of Texas, Brownsville Division and charged with possession with intent to distribute 985 kilos of marijuana. On June 30, 1999, Petitioner was sentenced, and the Court entered judgment on September 24, 1999. Petitioner did not directly appeal his conviction or his sentence, and the judgment became final 10 days later. On February 4, 2002, over two years after his judgment became final, Petitioner filed an "affidavit in support of motion to proceed in *forma pauperis*" [Dkt. No. 1]. This affidavit asserted only that his eventual habeas corpus petition would be filed on the grounds of "ineffective assistance of counsel, actual innocense [sic], and U.S. Sentencing Guidelines." Petitioner has made a request for transcripts of his sentencing and evidentiary hearing at government expense [Dkt. No. 2]. A United States Magistrate Judge granted Petitioner's application to proceed in *forma pauperis* on August 14, 2002. Pursuant to 28 U.S.C. § 636(b)(1)(A), the government seeks from this Court reconsideration of the Magistrate Judge's July 3, 2002, order

1

directing the Clerk to provide Petitioner with discovery materials, including transcripts, at the government's expense.

A review of the record demonstrates that Petitioner does not currently have a motion pending under section 2255, nor has he alleged sufficient facts to show that the transcripts he seeks at government expense are necessary to his preparation of a post-conviction motion under section 2255. See 28 U.S.C. § 753(f). The allegations raised in Petitioner's affidavit to proceed in *forma pauperis* are cursory and do not establish a particularized need for the transcripts. See United States v. MacCollom, 426 U.S. 317, 320 (1976). Simply because Petitioner is indigent does not entitle him to transcripts at government expense without a greater showing of necessity. See United States v. Herrera, 474 F.2d 1049 (5th Cir. 1973). As a result, the Court cannot at this time grant Petitioner's request. If Petitioner needs the transcripts to prepare his 2255 motion, he must provide the Court with a detailed description of the issues he will raise in the 2255 motion, and demonstrate a necessity for the discovery materials.

Furthermore, the Court questions whether any 2255 motion filed subsequent to this order would be timely. Even if the Court were to construe Petitioner's affidavit in support of a motion to proceed in *forma pauperis* as an actual motion pursuant to 28 U.S.C. § 2255, the affidavit was filed over two years after final judgment was entered. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). The Fifth Circuit has explained that "the doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable," and indicated explicitly that such instances of tolling are rare and used only in extraordinary circumstances. Id. In the present case, Petitioner has not demonstrated that his claim would be timely if filed presently, nor has he alleged sufficient or detailed facts to trigger an equitable tolling of the statute of limitations under Patterson.

Accordingly, the Court **GRANTS** Respondent's Motion for Reconsideration [Dkt. No. 12] and sets aside the Magistrate's July 3, 2002, order, which directed the Clerk to send discovery materials including transcripts to Petitioner at the government's expense [Dkt. No. 7]. Furthermore, the Court **DENIES** Petitioner's request for discovery materials [Dkt. No. 2] because he has failed to establish that his claim is both "not frivolous and . . . the

transcript[s are] needed to decide the issue presented by the suit or appeal. . . ." 28 U.S.C. § 753(f). The Court upholds the Magistrate Judge's August 14, 2002, order [Dkt. No. 11] granting Petitioner's application to proceed in *forma pauperis.*

DONE at Brownsville, Texas, this 14th day of November, 2002.

_____
Hilda G. Tagle
United States District Judge