IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
NEW ORLEANS, LOUISIANA

United States District Court
Southern District of Texas
FILED

APR 0 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Appellee, § § vs. § § § § JESUS RESENDEZ PAZ, JR. § § Appellant. § § - - - - - - - - - - - - - - - - § | Crim. No. 1:99 CR 00057-002 Civil No. B-02-030 5th Cir. No. 03-40017 |

**BRIEF IN SUPPORT OF DUE PROCESS,
APPOINTMENT OF COUNSEL, AND
GOVERNMENT PROVIDING TRANSCRIPT, ON
MOTION TO VACATE AND SET ASIDE
SENTENCE OF PERSONS IN FEDERAL CUSTODY**

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Jesus Resendez - Paz, Jr., defendant in criminal case No. 1:99 Cr 00057-002, hereinafter referred to as petitioner, and respectfully files this brief in support of his motion to vacate and set aside sentence.

I.

On August 14, 2002, the U.S. Magistrate Judge Recio granted petitioners application to proceed in forma pauperis.

On November 14, 2002, U.S. District Judge Hilda G. Tagle granted respondent's motion to proceed in forma pauperis and denied petitioners request for transcripts and other discovery documents at the governments expense. In addition, no counsel was appointed for

petitioner. Thus the granting of petitioners motion for in forma pauperis was of no value or effect.

USCP, 18 §3006 A (b) states, "In every criminal case in which the defendant is charged with a felony or a misdemeanor....., the United States Magistrate or the court shall advise the defendant that he has a right to be represented by counsel and counsel will be appointed him if he is financially unable to obtain counsel. The granting of the in forma pauperis status by the court certainly signifies the petitioner need for counsel.

Further, petitioner would be entitled to a transcription of his sentencing in order to perfect his claim that the trial court erred in his sentencing bases upon career offender guidelines, by including an offense that does not qualify under the "two felony convictions" as defined in 4B1.1. The court plainly errs when it commits (1) an error (2) that it is plain, that is clear and obvious, (3) that affects the defendant's substantial rights. Even if district court plainly errs, Court of Appeals should exercise its discretion to correct the error only if leaving it uncorrected seriously would affect the fairness, integrity, or public reputation of judicial proceedings, See <u>U.S. vs. Williamson,</u> 183 F. 3d, 458 (5th Cir. 1999); "Defendant who is financially unable to obtain counsel is entitled to appointed counsel, unless he waives representation," 18 U.S.C.A. 3006 A. (c)(d)(6) 28 U.S.C.A. 753, (f) 1915 (a) See <u>U.S. vs. Dangdee,</u> 608 F. 2d 807 (9th Cir. 1979). See <u>DeLaFe vs. U.S.</u>, 413 F.2d, 543, "Burden of furnishing an attorney only attaches upon representation by individual that he is indigent and that he wishes an attorney."

The finding by the court that the defendant is indigent, and then refusing to appoint counsel or to provide the necessary transcripts flies in the face of fairness, and violates defendants constitutional rights.

As its name suggests, "plain error" exists only when the error is "obvious" <u>United States vs. Olano,</u> U.S. 113 S. Ct. 1770, 123 L. Ed 2d 508 (1993). Obviousness is assessed from the perspective of the trial court; the error must be "so plain" the trial judge and the prosecutor were derelict in countenancing it, even absent the defendants timely assistance in detecting it." **U.S. vs. Frady,** 456 U.S. 152, 163 102 S.Ct. 1584, 1592, 71 L. Ed. 2d 816 (1982) accord **U.S. vs. Davis,** 974 F. 2d 182, 190 (D.C. Cir. 1992) See also **U.S. vs. Merlos,** 8 F. 3d 48, 51, (DC. Cir 1993) (denying rehearing) (saying that obviousness is assessed under current law at the time of trial)

It is obvious that under 4B1.2. **definition of terms used in sect. 4B 1.1, (C)** The term "two prior felony convictions" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. (See exhibit A.)

It is also obvious that one of the two offenses enabling the "career offender" designation as per page 6 of the PSI (See exhibit B), that the sentence was for one year, and that defendant served eight (8) months.

II.

Defendant would urge this honorable court to order the production

of transcripts and the appointment of counsel, See U.S. vs. Atilus, 425 F. 2d, 816 (5th Cir. 1970),"submits that his appeal cannot be properly perfected without transcripts." See U.S. vs. Rosa, 434 F. 2d, 964.

### III.

18 U.S.C. §3742 (f)(1) declares that the courts of appeals "shall" remand cases for resentencing if the sentence "was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines," mandates reversal even in the absence of objection whenever an appellate court finds any potentially harmful error, Whether or not "plain".

### IV.

Defendant would also raise the issue of ineffective assistance of counsel at the time of trial as a result of trial counsel's errant advise that defendant's sentence upon his plea of guilty would not exceed 87 months. The issue would be whether defendant was properly advised or informed of his sentencing exposure upon conviction by trial or plea due to ineffective assistance of counsel. U.S. vs. Ridgeway, No. 01-10468 (5th Cir. 2003) See also Teague vs. Scott, 60 F. 3d 1167, 1171 (5th Cir. 1995) and Glover vs. U.S., 148 L Ed 2d 604 (2001).

Defendant would further argue that the court erred by assesing a disproportionate sentence compared to defendant's co-conspirator who received a 54 month sentence in the same case.

Defendant cannot adequately plead each and every issue at bar, nor can he be afforded due process with out the transcripts and aid

of counsel. The defendant makes "a substantial showing of the denial of a constitutional right." Kutzner vs. Johnson, 242 F. 3d 603, 608 (5th Cir. 2001) quoting U.S.C. §2253 (c) (2); See also Jones vs. Cain, 218 F. 3d 469, 471 (5th Cir. 2000). A substantial showing requires defendant to demonstrate that the issues are "debatable among jurists of reason; that the court could resolve the issue in a different manner; or that the question is adequate to deserve encouragement to proceed further.", Drinkard vs. Johnson, 97 F. 3d 751, 755 (5th Cir. 1996) (quoting Barefoot vs. Estelle, 463 U.S. 880, 893 N. 4 (1983).

V.

Defendant prays that this honorable court will vacate and set aside the sentence of the defendant, and remand same to district court for resentencing.

Defendant prays that this honorable court will appoint counsel and order the district clerk to furnish all relevant transcripts to defendant for the preparation of the resentencing.

Petitioner is now incarcerated without the benefit of due process and the right to the correct sentencing under the sentencing guidelines.

For the reasons stated above, the petitioner respectfully requests that the court grant the requests contained herein.

Signed this 25 day of March, 2003.

Respectfully submitted,

_____
Jesús Resendez - Paz, Jr.

5.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
NEW ORLEANS, LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Appelle, § § | |
| vs. § § | Crim. No. 1:99 CR 00057-002 |
| § § § | |
| JESUS RESENDEZ PAZ JR. § | |
| Appellant, § § § | |

--------------------------

### ORDER

Having considered the motion to vacate, and set aside sentence of person in federal custody, and having reviewed the brief submitted in support of the request, as well as the record that was available, it is hereby ordered that the motion to vacate and set aside sentence is hereby **GRANTED** and the case is hereby remanded to the District Court of jurisdiction for resentencing.

Signed this ____ day of _____, 2003.

 

For the United States Court of
Appeals Fifth Circuit

## CERTIFICATE OF SERVICE

I Jesus Resendez Paz, Jr., certify that on the ____day of March, 2003 I placed in the inmate mail system affixed with first class postage prepaid a copy of the attached and foregoing to the following:

United States Court of Appeals
for the Fifth Circuit
600 Camp Street
New Orleans, Louisiana 70130

United States Attorneys Office
Appellate Section Chief
Mr. James L. Turner
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129

U.S. Attorneys Office
1036 E. Levee St.
P.O. Box 1671
Brownsville, Texas 78520

United States District Court
Southern District of Texas
Brownsville, Division
3058 Federal Bldg;
600 E. Harrison St.
Brownsville, Texas 78520-7114

_____
Jesus Resendez Paz Jr.
55494-079 - - - - Austin Unit
Federal Correctional Institution
P.O. Box 1010
Bastrop, Texas 78602-1010

# CHAPTER FOUR - CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

## PART A - CRIMINAL HISTORY

*Introductory Commentary*

*The Comprehensive Crime Control Act sets forth four purposes of sentencing. (See 18 U.S.C. § 3553(a)(2).) A defendant's record of past criminal conduct is directly relevant to those purposes. A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.*

*The specific factors included in §4A1.1 and §4A1.3 are consistent with the extant empirical research assessing correlates of recidivism and patterns of career criminal behavior. While empirical research has shown that other factors are correlated highly with the likelihood of recidivism, e.g., age and drug abuse, for policy reasons they were not included here at this time. The Commission has made no definitive judgment as to the reliability of the existing data. However, the Commission will review additional data insofar as they become available in the future.*

Historical Note: Effective November 1, 1987.

### §4A1.1.   Criminal History Category

The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a)   Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b)   Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c)   Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

(d)   Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e)   Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while

# PART B - CAREER OFFENDERS AND CRIMINAL LIVELIHOOD

## §4B1.1. Career Offender

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

| | Offense Statutory Maximum | Offense Level* |
|---|---|---|
| (A) | Life | 37 |
| (B) | 25 years or more | 34 |
| (C) | 20 years or more, but less than 25 years | 32 |
| (D) | 15 years or more, but less than 20 years | 29 |
| (E) | 10 years or more, but less than 15 years | 24 |
| (F) | 5 years or more, but less than 10 years | 17 |
| (G) | More than 1 year, but less than 5 years | 12. |

*If an adjustment from §3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

*Commentary*

*Application Notes:*

1. "Crime of violence," "controlled substance offense," and "two prior felony convictions" are defined in §4B1.2.

2. "Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (B), (C), and (D)). For example, in a case in which the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for that defendant for the purposes of this guideline is thirty years and not twenty years. If more than one count of conviction is of a crime of violence or controlled substance offense, use the maximum authorized term of imprisonment for the count that has the greatest offense statutory maximum.

*Background:* Section 994(h) of Title 28, United States Code, mandates that the Commission assure that certain "career" offenders receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this directive, with the definition of a career offender tracking in large part the criteria set forth in 28 U.S.C. § 994(h). However, in accord with its general guideline promulgation authority under 28 U.S.C. § 994(a)-(f), and its amendment authority under 28 U.S.C. § 994(o) and (p), the Commission has modified this definition in several respects to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct...." 28 U.S.C. § 991(b)(1)(B). The Commission's refinement of this definition over time is consistent with Congress's choice of a directive to the Commission rather than a mandatory minimum sentencing statute ("The [Senate Judiciary] Committee believes that such a directive to the Commission will be more effective; the guidelines development process can assure consistent and rational implementation for the Committee's view that substantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers." S. Rep. No. 225, 98th Cong., 1st Sess. 175 (1983)).

Historical Note: Effective November 1, 1987. Amended effective January 15, 1988 (see Appendix C, amendments 47 and 48); November 1, 1989 (see Appendix C, amendments 266 and 267); November 1, 1992 (see Appendix C, amendment 459); November 1, 1994 (see Appendix C, amendment 506); November 1, 1995 (see Appendix C, amendment 528); November 1, 1997 (see Appendix C, amendments 546 and 567).

§4B1.2.    **Definitions of Terms Used in Section 4B1.1**

(a)    The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

(b)    The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c)    The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant

sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

*Commentary*

*Application Notes:*

1. *For purposes of this guideline—*

   *"Crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.*

   *"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.*

   *"Crime of violence" does not include the offense of unlawful possession of a firearm by a felon. Where the instant offense of conviction is the unlawful possession of a firearm by a felon, §2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition) provides an increase in offense level if the defendant had one or more prior felony convictions for a crime of violence or controlled substance offense; and, if the defendant is sentenced under the provisions of 18 U.S.C. § 924(e), §4B1.4 (Armed Career Criminal) will apply.*

   *Unlawfully possessing a listed chemical with intent to manufacture a controlled substance (21 U.S.C. § 841(d)(1)) is a "controlled substance offense."*

   *Unlawfully possessing a prohibited flask or equipment with intent to manufacture a controlled substance (21 U.S.C. § 843(a)(6)) is a "controlled substance offense."*

   *Maintaining any place for the purpose of facilitating a drug offense (21 U.S.C. § 856) is a "controlled substance offense" if the offense of conviction established that the underlying offense (the offense facilitated) was a "controlled substance offense."*

   *Using a communications facility in committing, causing, or facilitating a drug offense (21 U.S.C. § 843(b)) is a "controlled substance offense" if the offense of conviction established that the underlying offense (the offense committed, caused, or facilitated) was a "controlled substance offense."*

   *A prior conviction for violating 18 U.S.C. § 924(c) or § 929(a) is a "prior felony conviction" for purposes of applying §4B1.1 (Career Offender) if the prior offense of conviction established that the underlying offense was a "crime of violence" or "controlled substance*

*offense." (Note that if the defendant also was convicted of the underlying offense, the two convictions will be treated as related cases under §4A1.2 (Definitions and Instruction for Computing Criminal History)).*

*"Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (e.g., a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).*

2. *The guideline sentence for a conviction under 18 U.S.C. § 924(c) or § 929(a) is determined only by the statute and is imposed independently of any other sentence. See §§2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes), 3D1.1 (Procedure for Determining Offense Level on Multiple Counts), and subsection (a) of §5G1.2 (Sentencing on Multiple Counts of Conviction). Accordingly, do not apply this guideline if the only offense of conviction is for violating 18 U.S.C. § 924(c) or § 929(a). For provisions pertaining to an upward departure from the guideline sentence for a conviction under 18 U.S.C. § 924(c) or § 929(a), see Application Note 1 of §2K2.4.*

3. *Section 4B1.1 (Career Offender) expressly provides that the instant and prior offenses must be crimes of violence or controlled substance offenses of which the defendant was convicted. Therefore, in determining whether an offense is a crime of violence or controlled substance for the purposes of §4B1.1 (Career Offender), the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry.*

4. *The provisions of §4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under §4B1.1.*

<u>Historical Note</u>: Effective November 1, 1987. Amended effective January 15, 1988 (<u>see</u> Appendix C, amendment 49); November 1, 1989 (<u>see</u> Appendix C, amendment 268); November 1, 1991 (<u>see</u> Appendix C, amendment 433); November 1, 1992 (<u>see</u> Appendix C, amendment 461); November 1, 1995 (<u>see</u> Appendix C, amendment 528); November 1, 1997 (<u>see</u> Appendix C, amendments 546 and 568); November 1, 2000 (<u>see</u> Appendix C, amendment 600).

### §4B1.3.    <u>Criminal Livelihood</u>

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than **13**, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than **11**.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | PRESENTENCE INVESTIGATION REPORT |
| JESUS RESENDEZ PAZ, JR. | § | Docket No. B-99-00057-002 |

**Prepared For:** Honorable Hilda G. Tagle
United States District Judge

**Prepared By:** Juanita G. Castillo
U. S. Probation Officer
Brownsville, Texas
(956) 548-2522

*This report is a confidential court document, and the court intends to preserve the confidentiality. This copy is loaned to the BUREAU OF PRISONS for use in performing statutory functions, and it must be returned to the court.*

**Assistant U.S. Attorney**
Jody Young
600 E. Harrison Street
Brownsville, Texas 78520
(956) 548-2554

**Defense Counsel**
Noe Robles
P. O. Box 90417
Houston, Texas 77290-0427
713-641-5779

**Sentence Date:** June 30, 1999 at 9:00 a.m.

**Offense:** Count 2 : (04/01/99) Possession, with intent to distribute, more than 100 kilograms of marihuana, approximately 985 kilograms gross weight, in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(B) and 18 U.S.C. § 2. Five (5) years, mandatory minimum, to forty (40) years and/or a $2,000,000.00 fine, plus four (4) years supervised release and a $100.00 special assessment, a Class "B" felony. (However, see Part D, Sentencing Options for Enhanced Provisions.)

**Release Status:** In custody held without bond since 01/20/99 (approximately 162 days in custody).

**Detainers:** None

**Codefendants:** Hector Fouyon-Lugo         B-99-00057-01

**Related Cases:** None

**Date Report Prepared:**   4/27/99           **Date Report Revised:**

EXHIBIT B

|     | | |
| --- | --- | --- |
|  | 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. The offense level determined under U.S.S.G. § 4B1.1 is thirty-seven (37) rather than the lower level calculated above. | 37 |
| 19. | **Adjustment for Acceptance of Responsibility:** | -3 |
| 20. | **Total Offense Level:** | 34 |

## PART B. DEFENDANT'S CRIMINAL HISTORY

21. The information provided in the Criminal History of this report was corroborated by a previous presentence report prepared by Mary Carbajal, in the Corpus Christi Division.

### Juvenile Adjudications

|     | Date of Referral | Charge/Court | Date Sentence Imposed/Disposed: | Guideline | Pnt |
| --- | --- | --- | --- | --- | --- |
| 22. | 1/30/81 (Age 14) | Burglary of Building | Date unknown: 1 year probation. | 4A1.2(e)(3) | 0 |

The defendant states he was represented by counsel. On January 30, 1981, the defendant was arrested by Brownsville Police Department and charged with Burglary of Building. The juvenile records were not available. However, the defendant admitted to being placed on probation for one year.

### Adult Criminal Convictions

|     | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
| --- | --- | --- | --- | --- | --- |
| 23. | 06/07/91 (Age 25) | Possession, with intent to distribute, approximately 11 kilograms of marijuana, S/D of Texas, Corpus Christi Division, Ct. Dkt No. C-91-00299-01 | 01-13-92: 20 months custody of BOP.<br><br>3/4/94 : Released to serve 3 year TSR term.<br><br>03/03/97 TSR expired. | 4A1.1(a) | 3 |

5

EXHIBIT B

The defendant was represented by Lazaro Cardenas. According to the presentence report prepared on this case, a vehicle driven by the defendant entered the Falfurrias check point. The defendant consented to a search of his vehicle and 11 kilograms of marihuana were recovered from his vehicle.

| | | | | |
|---|---|---|---|---|
| 24. | 09/20/91 (Age 25) | Possession of a controlled substance, with intent to distribute, Harrison County, Ms., Court Dkt. No. 26,805 | 08/06/93: 1 year imprisonment.  04/04/94: Released without parole term. | 4A1.1(b)   2 |

The defendant was represented by Michael Crosby. According to the offense reports received from the Harrison County, Mississippi, Sheriff's Office, deputy sheriff stopped the defendant, Nancy Hernandez, when the vehicle driven by the defendant was observed weaving on Interstate 10. The defendant consented to a search of his vehicle and a drug detection dog alerted to the presence of illegal contraband. The officers recovered sixty-two (62) pounds of marihuana.

### Criminal History Computation

25. The criminal convictions above result in a subtotal criminal history score of five (5).

26. The total criminal history score is five (5). According to the sentencing table at U.S.S.G. Chapter 5, Part A, five (5) criminal history points establish a criminal history category of III. As the defendant is a career offender, pursuant to U.S.S.G. § 4B1.1, the criminal history category is VI.

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

27. The information provided in this section was corroborated by a previous presentence report conducted by United States Probation Officer Mary Carbajal from the Corpus Christi Division.

28. Jesus Paz Resendez, Jr. was born on February 24, 1966, in Brownsville, Texas, to the union of Jesus Resendez, Sr., age unknown, and Andrea Paz, age 49. His father's whereabouts are unknown to the defendant as he states his father separated from the family when the defendant was approximately three (3) years of age. His mother is a housewife. The defendant is the second of four (4) children born to the union. His sister Andrea, age 35, resides in San Antonio; Mary Lou, age 30, resides in Florida and Filiberto, age 28, resides in Brownsville. The defendant states he has five (5) half-siblings: Andralia, age 26; Rosemary, age 25; Angela, age 24; Teresa, age 23, and Richard, age 22. All of his

EXHIBIT B